IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JASON KAY**<br><br>Plaintiff,<br><br>vs.<br><br>**INDIVIDUAL DEFENDANTS, PARTNERSHIPS, and UNINCORPORATED ASSOCATIONS,**<br><br>**Defendants.** | Case No. 22-cv-3033—RJD-SPM |

## FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER comes before the Court on the Plaintiff's Motion for Entry of Final Default Judgment and Permanent Injunction (Doc. 37). The **COURT ENTERS THIS SEPARATE FINAL JUDGMENT**.

Accordingly, it is **ORDERED and ADJUDGED** that **Final Default Judgment is hereby entered** in favor of the Plaintiff, JASON KAY (the "Plaintiff"), and against the Defendant Individuals, Partnerships, or Unincorporated Associations identified on Schedule "A" hereto (collectively, the "Defendants") as follows:

(1)     Permanent Injunctive Relief:

The Defendants and their officers, directors, employees, agents, subsidiaries, distributors, and all persons acting in concert and participation with the Defendants are hereby permanently restrained and enjoined from:

        a.     manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell

       counterfeit and infringing goods bearing the Plaintiff's trademarks, or any confusingly similar trademarks identified on pages 7-9 of the Complaint (Doc. 1), which are collectively referred to herein as the "Jamiroquai Marks";

b.    using the Jamiroquai Marks in connection with the sale of any unauthorized goods;

c.    using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

d.    falsely representing themselves as being connected with the Plaintiff, through sponsorship or association;

e.    engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff;

f.    using any reproduction, counterfeit, copy, or colorable imitation of the Jamiroquai Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants;

g.    affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by the Defendants as being those of the Plaintiff or in any way endorsed by the Plaintiff;

h.    otherwise unfairly competing with the Plaintiff;

i.    using the Jamiroquai Marks, or any confusingly similar trademarks on e-commerce marketplace sites, domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which are visible to a computer user or serves to direct computer searches to e-commerce stores, websites, and/or Internet businesses registered, owned, or operated by the Defendants; and

j.    effecting assignments or transfers, forming new entities or

    associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

(2) Additional Equitable Relief:

  a. Upon the Plaintiff's request, the Internet marketplace website operators and/or administrators for the Internet based e-commerce stores operating under the seller identification names identified on Schedule "A" hereto (the "Seller IDs"), including but not limited to AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, eBay, Etsy, and/or Taobao, shall permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Jamiroquai Marks via the e-commerce stores operating under the Seller IDs, and any other listings and images of goods bearing counterfeits and/or infringements of the Jamiroquai Marks associated with the same sellers or linked to any other alias seller identification names or e-commerce stores being used and/or controlled by the Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Jamiroquai Marks; and

  b. Upon the Plaintiff's request, any Internet marketplace website operator and/or administrator who is in possession, custody, or control of the Defendants' goods bearing one or more of the Jamiroquai Marks, including but not limited to Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform, DHgate.com, eBay Inc., SIA Joom, which operates the Joom.com platform, and ContextLogic, Inc., which operates the Wish.com platform, shall permanently cease fulfillment of and sequester those goods, and surrender the same to the Plaintiff.

(3) Damages in favor of the Plaintiff pursuant to 15 U.S.C. § 1115(c) in the amount of $20,000 against each Defendant, for which let execution issue, based upon the Court's finding that the Defendants infringed at least one trademark on one type of good.

(4) All funds currently restrained or held on account (pursuant to this Court's Orders entered on April 14, 2023, April 28, 2023, May 12, 2022, May 30, 2023)

for all the Defendants by all financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd. and Alipay.com Co., Ltd. (collectively, "Alipay"), Worldpay US, Inc. ("Worldpay"), Dunhuang Group which operates the DHgate.com and DHPay.com platforms, Camel FinTech Inc, SIA Joom, which operates the Joom.com platform ("Joom"), and PayPal, Inc. ("PayPal"), and their related companies and affiliates, are to be immediately (within 5 business days) transferred by the previously referred to financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms and by the Defendant, to the Plaintiff and/or the Plaintiff's counsel to satisfy the monetary judgment entered herein against each Defendant in an amount not to exceed $20,000.00 per Defendant. All financial institutions, payment processors, bank, escrow services, money transmitters, or marketplace platforms, including but not limited to AliExpress, Alipay, Dhgate, Dhpay, Joom, Wish, Wishpay, Amazon, Amazon Pay, eBay, Etsy, and/or Taobao, and their related companies and affiliates, shall provide to the Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter per Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from each Defendant's funds restrained prior to release; and (iii) total funds released per Defendant to the Plaintiff.

(5) Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

(6) The bond posted by the Plaintiff in the amount of $10,000.00 is hereby ordered released by the Clerk.

(7) The Clerk shall **CLOSE** this case. All deadlines are **TERMINATED**.

**IT IS SO ORDERED.**

**DATED: March 8, 2024**

                                              */s/ Stephen P. McGlynn*
                                              **STEPHEN P. McGLYNN**
                                              **U.S. District Judge**